IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAMON REYES,

    Petitioner,

v.                                               Civil Action No. 5:19CV19
                                                                   (STAMP)

FREDERICK ENTZEL, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Ramon Reyes ("Reyes"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner's petition challenges the validity of his sentence from the United States District Court for the Eastern District of Pennsylvania. ECF No. 1. In his petition, petitioner alleges that his sentence is based on an erroneous career offender enhancement and is defective under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). For relief, petitioner is requesting that this Court vacate his sentence as a career offender and impose the correct sentence. Id. at 8.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Mazzone issued a report and recommendation (ECF No. 8) recommending that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. ECF No. 8 at 6. The petitioner did not file objections to the report and recommendation. Rather, the petitioner filed a motion to supplement his petition (ECF No. 10) and a motion for leave to file excess pages (ECF No. 11). For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

In his report and recommendation, the magistrate judge correctly noted that in the instant case, the petitioner does not attack the execution of his sentence, but instead challenges the validity of his sentence. ECF No. 8 at 3. The magistrate judge determined that although petitioner alleges that he satisfies the savings clause, he is mistaken. <u>Id.</u> at 5. The magistrate judge properly determined that because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits. <u>Id.</u> at 6. The magistrate judge determined that in this case, a review of Reyes' criminal docket sheet establishes that his § 2255 motion is still pending. Therefore, petitioner clearly cannot meet the second prong of the savings clause established in <u>Wheeler</u>. Moreover, even if Reyes met the first, second, and third prongs of <u>Wheeler</u>, the magistrate judge concluded that petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Upon review, the magistrate judge concluded that the law in this Circuit makes clear that petitioner cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause. <u>Id.</u> at 6. Thus, because the magistrate judge

determined that the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, the magistrate judge properly concluded that his claim may not be considered under § 2241, and that this Court is without jurisdiction to consider his petition. Accordingly, the magistrate judge recommended that the petitioner's petition (ECF No. 1) be denied and dismissed without prejudice. Id.

Further, this Court has reviewed the petitioner's motion to supplement his petition (ECF No. 10) and motion for leave to file excess pages (ECF No. 11). To the extent petitioner seeks to "supplement" his petition by asking this Court to consider additional authority in support of his petition, the motions are denied as untimely. However, even if this Court were to permit to the petitioner to file his untimely supplement to the petition, this Court finds that the authority cited by the petitioner, Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), and United States v. Havis, 927 F.3d 382 (6th Cir.), reconsideration denied, 929 F.3d 317 (6th Cir. 2019), does not impact this Court's decision.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 8) is AFFIRMED and ADOPTED in its entirety. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE. In addition, the petitioner's motion to supplement (ECF No. 10) and motion to file excess pages (ECF No. 11) are DENIED as untimely.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 7, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE